980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Jefferson HENDERSON, Defendant-Appellant.
 No. 91-10496.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Jefferson Henderson appeals pro se the district court's order denying his motion to correct an illegal sentence pursuant to the pre-November 1987 version of Fed.R.Crim.P. 35(a). Henderson was convicted, following a guilty plea, for one count of possession of marijuana with intent to distribute and one count of possession of methamphetamine with intent to distribute, both in violation of 21 U.S.C. §§ 841(a)(1) and 844. Henderson contends that the district court erred by imposing consecutive sentences on the two drug charges in violation of the Fifth Amendment double jeopardy clause because the offenses, which occurred at the same time and place, merged into a single offense. We review de novo the legality of a sentence, United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988), and we affirm.[1]
 
 
 3
 The relevant facts are undisputed. On December 12, 1983, pursuant to a search warrant, law enforcement officials seized marijuana and methamphetamine from Henderson's residence. On June 11, 1984, Henderson pled guilty to two of seven counts in the indictment, charging possession with intent to distribute methamphetamine (Count IV) and marijuana (Count V). On July 30, 1984, the district court sentenced Henderson to five years imprisonment with a special parole term of four years on Count IV followed by a consecutive five-year term of imprisonment on Count V. The district court then suspended the sentence in Count V and placed Henderson on five years probation following his release from confinement on Count IV. On July 31, 1991, Henderson filed a Rule 35(a) motion challenging the legality of his sentences. On September 16, 1991, the district court denied the motion.
 
 
 4
 The Supreme Court has held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932); accord Ball v. United States, 470 U.S. 856, 861 (1984). Congress may permit multiple sentences for separate criminal offenses occurring although they arise out of the same incident. Albernaz v. United States, 450 U.S. 333, 344 (1981) (consecutive sentences for rape and unintentional killing approved).
 
 
 5
 Henderson argues that the Blockburger test should not be applied. Instead, he argues that this court should apply the holding of Grady v. Corbin, 495 U.S. 508, 523 (1990) ("same conduct" test barred successive prosecution for vehicular homicide and assault offenses where government would have to rely on the defendant's conduct in his previous drunk driving conviction to prove an essential element of the instant offense). We disagree. In Grady, the Supreme Court instructed federal courts faced with a double jeopardy claim to first apply the Blockburger test. Grady, 495 U.S. at 516. Henderson's reliance on Grady is misplaced as the instant case involved the prosecution of two different drug offenses which did not require the government to prove the same conduct in both offenses.
 
 
 6
 This court has directed the imposition of one sentence only where the defendant was convicted of distribution of a controlled substance and possession with intent to distribute the same controlled substance, not where the defendant was convicted of possessing two different controlled substances. See United States v. Palafox, 764 F.2d 558, 563 (9th Cir.1985).
 
 
 7
 Accordingly, the district court did not err by denying Henderson's motion to correct an illegal sentence.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Henderson's offense occurred prior to November 1, 1987, the Sentencing Guidelines do not apply. See United States v. Gray, 876 F.2d 1411, 1416 (9th Cir.1989), cert. denied, 495 U.S. 930 (1990)